UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

_____

**WISCONSIN LABORERS HEALTH FUND,**
**BUILDING & PUBLIC WORKS LABORERS'**
**VACATION FUND, and MICHAEL R. RYAN,**

      **Plaintiffs,**

                                                  Case No. 06-C-1255

    **vs.**

**MARX MASONRY, INC.**

      **Defendant.**

_____

### ORDER OF DISMISSAL
_____

Based upon the Stipulation for Dismissal ("Stipulation"), now on file:

**IT IS HEREBY ORDERED** that Marx owes $7,299.43 in contributions, interest and liquidated damages for the work months January 2004 through April 2006;

**IT IS FURTHER ORDERED** that to partially resolve this matter, Marx shall pay the sum of $6,051.34, representing all contributions and interest owed through the work month April 2006, on or before March 14, 2007. This payment shall be made payable to "PGU Trust Account" and sent to:

    Previant, Goldberg, Uelmen, Gratz, Miller & Brueggeman, s.c.
    Attn.: Benjamin A. Menzel, Esq.
    1555 North RiverCenter Drive, Suite 202
    Milwaukee, WI 53212

This element of the Stipulation and this Order shall be considered satisfied on the date the payment is received at the address named above. Should Marx fail to make the $6,051.34 payment as

required pursuant to the Stipulation and this Order, the Funds shall be entitled to reopen this case and take judgment against Marx in the amount of $7,299.43, plus all attorneys fees and costs incurred in this matter;

**IT IS FURTHER ORDERED** that after making the $6,051.34 payment, Marx shall be eligible to request a waiver of the $1,248.09 owed in liquidated damages for the work months January 2004 through April 2006. Marx shall have fifteen (15) days after the $6,051.34 payment is made to request such a waiver. Should Marx fail to do so within said time, it will have forfeited its right to do so. Any decision on Marx's request for waiver shall be at the sole discretion of the Funds' trustees. Should the trustees grant Marx's request for waiver, in whole or in part, said waiver shall be contingent upon Marx timely paying its monthly contributions, as specifically required by its collective bargaining agreement with the Wisconsin Laborers District Council ("Labor Agreement"), for each of the twelve (12) months subsequent to the waiver. In the event Marx fails to timely pay its contributions for the twelve (12) months subsequent to the waiver in accordance with the Labor Agreement, the Funds shall be entitled to judgment in the amount of $1,248.09, plus all contributions, interest and liquidated damages for any work month Marx fails to pay on a timely basis, plus all attorneys fees and costs incurred by the Funds in this matter. Should the trustees deny Marx's request for waiver, in whole or in part, whatever portion is determined owed by the trustees shall be paid within thirty (30) days of the Funds sending notice to Marx of the amount due;

**IT IS FURTHER ORDERED**, that all of the Plaintiffs' claims are dismissed without prejudice and that this Court shall retain jurisdiction over this matter until all terms and conditions of the Stipulation and this Order are satisfied. If Marx fails to satisfy the terms and conditions of the Stipulation and this Order, the Plaintiffs are entitled to reopen this case and have judgment entered against Marx as set forth in the Stipulation and this Order, plus all reasonable attorney fees and costs

incurred by the Plaintiffs in the prosecution of this matter.

**IT IS SO ORDERED.**

Dated this <u>16TH</u> day of February, 2007.

<u>s/Aaron E. Goodstein</u>
U. S. Magistrate Judge
U. S. District Court, Eastern District of Wisconsin